UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE GRAY INSURANCE COMPANY**,

    Plaintiff,

v.   Case No. 8:23-cv-271-WFJ-AAS

**WRP CONSTRUCTION, INC.** and
**WILSON R. PESANTEZ**

    Defendant.
_____/

## ORDER

Before the Court is The Gray Insurance Company's ("Plaintiff") Amended Motion for Default Judgment against WRP Construction, Inc. ("WRP") and Wilson R. Pesantez ("Mr. Pesantez") (collectively "Defendants"). Dkt. 16. Upon careful consideration, the Court grants Plaintiff's Motion.

## BACKGROUND

Plaintiff is a surety company that issues performance and payment bonds on construction projects. Dkt. 1 at 2. At all pertinent times, WRP was a contractor that required such bonds for its construction work. *Id.* And, at all pertinent times, Mr. Pesantez was the president of WRP. Dkt. 18 at 9.

On April 10, 2019, Plaintiff and Defendants entered into a general indemnity agreement (the "Indemnity Agreement"). *Id.* Thereunder, Defendants were obligated

to exonerate, indemnify, and hold harmless Plaintiff from all liability incurred in connection with any future performance and payment bond issued by Plaintiff to Defendants naming WRP as principal. *Id.* at 2–9. In addition, Defendants were obligated to deposit collateral on the demand of Plaintiff "as soon as" Plaintiff determined that liability may exist in connection with such a bond. *Id.* at 5.

On May 1, 2019, in consideration for Defendants' promise to comply with the terms of the Indemnity Agreement, Plaintiff issued a $500,000 performance and payment bond ("the Bond") naming WRP as principal and Capstone CG, LLC ("Capstone") as obligee. Dkt. 16 at 5; Dkt. 1-2 at 6. The Bond was made in relation to a subcontract between WRP and Capstone (the "Subcontract") for framing work on an apartment construction project referred to by the Bond as "P.O. No. 17002-010 Bergamot on 780" (the "Project"). *Id.*

At some point during the Project, disputes materialized between WRP and Capstone. Dkt. 1 at 5. Capstone claimed that WRP failed to honor its obligations under the Subcontract and that WRP's failures caused Capstone damages. *Id.* Capstone consequently sued WRP in the Twelfth Judicial Circuit in and for Sarasota County, Florida (the "Capstone Litigation") and made a demand against Plaintiff under the Bond. *Id.* at 5–6.

Plaintiff incurred a number of fees and expenses as a result. First, Plaintiff was forced to spend money defending itself in the Capstone Litigation and

2

performing an investigation concerning Capstone's demand. *Id.* at 6. Second, Plaintiff was forced to fund WRP's defense to avoid default after WRP ceased funding its own defense. *Id.* Finally, Plaintiff paid Capstone a $75,000 settlement to avoid further liability under the Bond. *Id.*; Dkt. 16-5 at 3.

On August 24, 2022, during the pendency of the Capstone Litigation, Plaintiff sent a demand letter to Defendants seeking collateral. *Id.* Defendants nevertheless refused or failed to provide the collateral demanded. *Id.* To this date, Defendants have not reimbursed or otherwise indemnified Plaintiff for any liability Plaintiff incurred as a result of Plaintiff issuing Defendants the Bond. *Id.* at 6–7.

On February 8, 2023, Plaintiff brought its Complaint against Defendants alleging one count—breach of the Indemnity Agreement. Dkt. 1 at 7. After failing to respond or answer post-service, Defendants were defaulted. Dkt. 12; Dkt. 13. Plaintiff now moves for an entry of final judgment against Defendants. Dkt. 16.

## LEGAL STANDARD

"The effect of the entry of a default is that all of the factual allegations in the [c]omplaint are taken as true, save for the amount of unspecified damages." *Whole Space Indus., Ltd. v. Gulfcoast Int'l Prod., Inc.*, No. 209-CV-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citation omitted). Accordingly, "if liability is well-pled in the complaint, it is established by the entry of a default." *Id.*

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default[.]" *Id.* Instead, "the Court determines the amount and character of damages to be awarded." *Id.* Damages may be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (collecting cases).

## DISCUSSION

The factual allegations in Plaintiff's Complaint and related attachments are more than sufficient to establish breach of contract. Breach of contract requires: (1) the existence of a valid contract; (2) a breach of that contract; (3) causation; and (4) damages. *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am.*, 611 So. 2d 564, 565 (Fla. 4th DCA 1992). Here, Plaintiff has properly alleged that there is a valid Indemnity Agreement, that Defendants breached the Indemnity Agreement by failing to indemnify Plaintiff in any way, and that Defendants' breach caused Plaintiff damages. Dkt. 1 at 7–8. It follows that Defendants are jointly and severally liable to Plaintiff for breach of the Indemnity Agreement.

This brings the Court to damages. Plaintiff alleges that Defendants' breach caused a total loss of $128,014.79. Dkt. 16 at 9. This sum represents Plaintiff's $75,000 settlement payment to Capstone under the Bond plus $84,756.12 in

4

attorneys' fees minus $31,741.33 in recovery.[1] *Id.* at 9–10. Upon a close inspection of Plaintiff's proffered affidavits and attachments containing the settlement check to Capstone (Dkt. 16-5), a mediation invoice (Dkt. 16-6), a detailed attorneys' fees and costs invoice for the Capstone Litigation (Dkt. 16-7), checks for attorneys' fees and costs (Dkt. 16-8), as well as a second detailed attorneys' fees and costs invoice (Dkt. 16-10), the Court finds that $128,014.79 represents an appropriate damages figure. Further, because this sum is discernable through basic mathematical calculation, no evidentiary hearing is necessary.

Under the Indemnity Agreement, Plaintiff is also entitled to "interest . . . at the maximum rate permitted by the law" for payments made by Plaintiff in relation to liability incurred under the Bond. Dkt. 18 at 4. The maximum rate of pre-judgment interest permitted by Florida law is 18%. Fla. Stat. § 687.02. Plaintiff is therefore entitled to pre-judgment interest at the rate of 18% per annum on the settlement payment to Capstone from December 16, 2022 (the day the settlement check was sent to Capstone) to the date of entry of this Judgment. Plaintiff is entitled to the same interest on its $53,014.79 in attorneys' fees and costs from February 8, 2023 (the date Plaintiff filed its Complaint) to the date of entry of this Judgment. Finally,

---

[1] As Plaintiff notes, "the Indemnity Agreement is unequivocal and specific in setting forth the [Defendants'] obligations to indemnify and keep [Plaintiff] indemnified 'from and against any and all Loss,' which includes attorneys' fees and consultants' fees, as a result of executing the Bond or because of the [Defendants'] failure to comply with the Indemnity Agreement." Dkt. 16 at 7; *see* Dkt. 18 at 3–4.

5

Plaintiff is entitled to post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of this Judgment]" from the date of entry of this Judgment until it is paid in full. 28 U.S.C. § 1961(a)–(b).

According, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Amended Motion for Default Judgment (Dkt. 16) is **GRANTED**.

(2) The Clerk is directed to enter a final default judgment in favor of Plaintiff against Defendants as follows:

   (a) Plaintiff is awarded $128,014.79 in base damages.

   (b) Plaintiff is awarded pre-judgment interest at the rate of 18% per annum on $75,000 of its damages from December 16, 2022, to the date of entry of this Judgment.

   (c) Plaintiff is awarded pre-judgment interest at the rate of 18% per annum on $53,014.79 of its damages from February 8, 2023, to the date of entry of this Judgment.

   (d) Plaintiff is awarded post-judgment interest on items (a), (b), and (c), at the federal post-judgment interest rate specified above from the date of this Judgment until the sum is paid in full.

(e) Defendants are jointly and severally liable for all damages owed to Plaintiff.

(3) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on April 17, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record